66 F.3d 327
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William H. WALKER, Plaintiff-Appellant,
v.
R. McCLURE, Defendant-Appellee.
 No. 95-1112.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1995.
 
 Before: MILBURN, GUY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This pro se Michigan state prisoner appeals a district court judgment dismissing his civil rights action brought pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, a declaratory judgment, and injunctive relief, William H. Walker sued Marquette Branch Prison Guard, Raytheon McClure, in his individual capacity. Walker claimed that: 1) McClure assaulted him with food in violation of the Eighth Amendment; 2) McClure violated numerous Michigan Department of Corrections (MDOC) policies in retaliation for him filing grievances; 3) he was denied access to the courts; 4) a conspiracy exists among prison officials to abuse their power; and 5) McClure committed the state tort of assault and battery.
 
 
 3
 Upon consideration of defendant's motion for summary judgment and Walker's response, the district court granted summary judgment in favor of McClure and dismissed his remaining supplemental state claims. Walker requests oral argument on appeal and reasserts the claims he set forth in the district court.
 
 
 4
 On appeal, this court reviews a judgment granting summary judgment de novo and uses the same test as used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW Local 600, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); LaPointe, 8 F.3d at 378. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 252.
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendant.
 
 
 6
 Accordingly, Walker's request for oral argument is denied and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's memorandum opinion and order dated January 26, 1995.